UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

JAMES VICKERS, SULAYMAN MUALLIUMS,
JEROME WHICHARD, GERALDINE STROUD,

                      Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR JEFFREY
MADDREY, JOHN DOE POLICE OFFICERS 1-12,

                      Defendants.

---------------------------------------------------------------- x



RECEIVED SEP 17 2007 S.D.N.Y. CASHIERS

COMPLAINT AND JURY DEMAND

DOCKET #
07 CV 8144

ECF CASE
JUDGE SWAIN

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a May 8, 2007 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, violations of plaintiffs' Fourth and Fourteenth Amendment rights.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Commanding Officer Deputy Inspector Jeffrey Maddrey ("Maddrey") was at all times here relevant the commanding officer of the 73rd Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Maddrey is sued in his individual and official capacities.

11. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On May 8, 2006, at approximately 5:00 P.M., at 862 Macon St Apt 2A in Brooklyn, New York, defendants unlawfully entered plaintiffs' apartment with guns drawn.

14. Plaintiffs Vickers, Stroud, and Mualliums resided at that address. Plaintiff Whichard was visiting.

15. The apartment door was closed but not locked.

16. Defendant officers claimed they had a warrant

17. Plaintiffs Vickers, Stroud, Mualliums and Whichard were in the apartment. Defendants forced plaintiffs to lie on the floor.

18. Plaintiffs Stroud, Mualliums and Whichard were handcuffed, arrested, and placed in a police van.

19. Plaintiffs Stroud, Mualliums, and Whichard were driven to the 73rd precinct.

20. Defendants searched plaintiffs' apartment and damaged property belonging to plaintiffs without plaintiffs' permission.

21. Plaintiffs did not consent to defendants' search of the apartment.

22. Plaintiff Mualliums was strip searched at the precinct multiple times.

23. Plaintiff Stroud was strip searched at the precinct.

24. Plaintiff Mualliums was released from Central Booking before being arraigned by a judge.

25. No charges were filed against plaintiffs in connection with the search of the home or any other criminal activity.

26. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual

officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiffs.

27. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

28. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b. Violation of their rights to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    g. Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

29. The above paragraphs are here incorporated by reference.

30. Defendants acted under color of law and conspired to deprive plaintiffs of their civil,

4

constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiffs under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

31. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

32. The above paragraphs are hereby incorporated by reference.

33. The City, Kelly, and Maddrey are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants.

34. The City, Kelly, and Maddrey knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

35. The aforesaid event was not an isolated incident. The City, Kelly, and Maddrey have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid excessive use of force and on the proper prerequisites before entering an apartment. The City, Kelly, and Maddrey are further aware, from the same sources, that NYPD officers routinely ignore the necessary predicates for entering an apartment and using force, and that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Kelly, and Maddrey fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, the City, Kelly, and

5

Maddrey have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, and Maddrey are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, Kelly and Maddrey have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

36. The City, Kelly, and Maddrey have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

37. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Kelly, and Maddrey to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

38. Defendants the City, Kelly, and Maddrey have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

39. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the City, Kelly, and Maddrey.

WHEREFORE, plaintiffs demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:    Brooklyn, New York
          September 17, 2007

TO:  New York City
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY 10007

     Police Commissioner Raymond W. Kelly
     1 Police Plaza
     Room 1406
     New York, NY 10006

     Deputy Inspector Jeffrey Maddrey
     73rd Precinct
     1470 East New York Avenue
     Brooklyn NY 11212

Yours, etc.,

Stoll, Glickman & Bellina, LLP
By: Nicole Bellina
Bar #NB7154
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com

7