UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES VICKERS, SULAYMAN MUALLIUMS,
JEROME WHICHARD and GERALDINE STROUD,

                    Plaintiffs,

          -against-

THE CITY OF NEW YORK, et. al.

                   Defendants.
-------------------------------------------------------------------X

**ANSWER**

Docket No. 07-CV-8144 (LTS)(MHD)

**JURY TRIAL DEMANDED**

Defendants City of New York, Raymond Kelly and Jeffrey Maddrey, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

    1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

    2.      Deny the allegations as set forth in paragraph "2" of the Complaint.

    3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

    4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to bring this action and to invoke the Court's jurisdiction as stated therein.

    5.      Deny the allegations set forth in paragraph "5" of the Complaint.

    6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

    7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.     Admit the allegations set forth in paragraph "8" of the Complaint.

9.     Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and was the Commissioner of the New York City Police Department on May 8, 2006, and that plaintiffs purport to sue him as stated therein.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Jeffrey Maddrey was employed by the City of New York as the Commanding Officer of the 73rd Precinct, on May 8, 2006, and that plaintiffs purport to sue him as stated therein.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Paragraph "12" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint,    .

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint,

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     In response to the allegations set forth in paragraph "29" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     In response to the allegations set forth in paragraph "32" of the

Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

33.    Deny the allegations set forth in paragraph "33" of the Complaint.

34.    Deny the allegations set forth in paragraph "34" of the Complaint.

35.    Deny the allegations set forth in paragraph "35" of the Complaint.

36.    Deny the allegations set forth in paragraph "36" of the Complaint.

37.    Deny the allegations set forth in paragraph "37" of the Complaint.

38.    Deny the allegations set forth in paragraph "38" of the Complaint.

39.    Deny the allegations set forth in paragraph "39" of the Complaint.

## AS AN FOR A FIRST AFFIRMATIVE DEFENSE

40.    The Complaint fails to state a claim upon which relief can be granted.

## AS AN FOR A SECOND AFFIRMATIVE DEFENSE

41.    Defendants City of New York, Raymond Kelly and Jeffrey Maddrey have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AN FOR A THIRD AFFIRMATIVE DEFENSE

42.    There was probable cause for plaintiffs arrest/detention.

## AS AN FOR A FOURTH AFFIRMATIVE DEFENSE

43.    Any injury alleged to have been sustained resulted, in whole or in part, from plaintiffs culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AN FOR A FIFTH AFFIRMATIVE DEFENSE

44.      Defendants Commissioner Kelly and Deputy Inspector Maddrey had no personal involvement in any incidents alleged in plaintiffs' Complaint.

## AS AN FOR A SIXTH AFFIRMATIVE DEFENSE

45.      The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE

46.      At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AN FOR AN EIGHTH AFFIRMATIVE DEFENSE

47.      At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendants have governmental immunity from liability.

## AS AN FOR A NINTH AFFIRMATIVE DEFENSE

48.      Punitive damages cannot be awarded against the City of New York.

## AS AN FOR A TENTH AFFIRMATIVE DEFENSE

49.      Plaintiffs have failed to comply with the statutory requirements of New York General Municipal Law § 50-e and § 50-i.

## AS AN FOR AN ELEVENTH AFFIRMATIVE DEFENSE

50.      Plaintiffs claims are barred, in part, by the applicable Statute of Limitations.

## AS AN FOR A TWELFTH AFFIRMATIVE DEFENSE

51.      Any entry into the subject premises was privileged.

**WHEREFORE**, defendants request judgment dismissing the Complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 19, 2007

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                            City of New York
                            Attorney for Defendants City of New York,
                            Police Commissioner Raymond Kelly and
                            Deputy Inspector Jeffrey Maddrey
                            100 Church Street, 6-308
                            New York, New York 10007
                            (212) 442-0832

            By:     _____
                            HUGH A. ZUBER (HZ 4935)
                            Assistant Corporation Counsel
                            Special Federal Litigation Division

- 6 -

TO:     Nicole Bellina, Esq.
        Stoll, Glickman & Bellina, LLP
        71 Nevins Street
        Brooklyn, NY 11217

Index No. 07-CV-8144 (LTS)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES VICKERS, SULAYMAN MUALLIUMS, JEROME WHICHARD and GERALDINE STROUD,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

ANSWER TO THE COMPLAINT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Police Commissioner Raymond Kelly and*
*Deputy Inspector Jeffrey Maddrey*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hugh A. Zuber*
*Tel. (212) 442-0832*
*NYCLIS No.07 SF 029981*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................... *200..*

........................................ *Esq.*

*Attorney for*....................