UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
JAMES VICKERS, SULAYMAN MUALLIUMS,
JEROME WHICHARD, GERALDINE STROUD,

                                 Plaintiffs,    **JOINT PRELIMINARY PRE-TRIAL STATEMENT**

               -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER    07CV8144 (LTS)
RAYMOND KELLY, DEPUTY INSPECTOR JEFFREY
MADDREY, JOHN DOE POLICE OFFICERS 1-10,

                                Defendants.
------------------------------X

a.    *Plaintiffs' Statement Of The Nature Of This Action.*

    Plaintiffs allege that on May 8, 2006, NYPD officers entered their home without consent and with their weapons drawn. Plaintiffs were arrested and searched without probable cause. No charges were ever filed against plaintiffs relating to the search of the apartment.

*Defendants' Statement Of The Nature Of This Action.*

    On May 8, 2006, members of the New York City Police Department executed a criminal court search warrant #0499/2006 inside 862 Macon Street, Apt. 2A, Brooklyn, New York and recovered 8-12 gauge shot gun shells and other contraband.

b.    *A Concise Statement Of The Basis Of This Court's Jurisdiction Of The Action by Plaintiffs.*

    42 USC §1983. Federal Question Jurisdiction.

c.    *A Concise Statement Of All Material Uncontested Or Admitted Facts.*

    1. This case arises out of plaintiffs' arrest on May 8, 2006.

    2. Plaintiffs Mualliums, Whichard and Stroud were transported to the precinct.

d.    *A Concise Statement Of All Material Uncontested Legal Issues.*

    None.

e.    *A concise statement of all legal issues to be decided by the Court.*

    Plaintiffs' anticipated legal issues:

None known at this time.

Defendants anticipated legal issues:

Defendant submits the following legal issues will likely be addressed during the course of this litigation:

1. Whether plaintiff has adequately stated a claim upon which relief can be granted.

2. Whether plaintiff can establish any policy or practice that caused the alleged deprivation of his constitutional rights.

3. Whether probable cause existed for the search warrant.

4. Whether probable cause existed for plaintiffs' arrest and detention.

5. Whether the City of New York is entitled to governmental immunity from liability.

6. Whether the arresting police officers are entitled to qualified immunity.

7. Whether plaintiffs state claims are barred in whole or in part by the applicable statute of limitation.

8. Whether the search warrant was executed in a reasonable manner.

f.  *Each Party's Concise Statement Of Material Disputed Facts.*

Plaintiffs' Statement:

1. Plaintiffs were arrested and searched without probable cause.

2. Plaintiffs home was damaged without reason.

Defendants' Statement:

1. Defendants dispute all of plaintiffs' factual allegations.

2. On May 8, 2006, members of the New York City Police Department executed a criminal court search warrant #0499/2006 inside 862 Macon Street, Apt. 2A, Brooklyn, New York and recovered 8-12 gauge shot gun shells and other contraband.

g.  *A Concise Statement By Each Plaintiff And Each Counterclaimant Of The Legal Basis Of Each Cause Of Action Asserted, Including Citations To All Statutes, Federal Rules Of Civil Procedure, Other Rules And Case Law To Be Relied Upon By Such Plaintiff Or Counterclaimant.*

Plaintiff's Statement:

1. Municipal and Supervisory Liability – Defendant City of New York has damaged plaintiffs by its failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and similar cases involving the misconduct of its officers. Monell v. Dept. of Soc. Services of the City of New York, 436 U.S. 658.

2. Section 1983 -- Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution, due to the police officers' arrest, search and imprisonment without probable cause. Graham v. Connor 490 U.S. 386.

Defendants' Statement: Not Applicable.

h.  *Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, and other applicable regulatory and judicial authority intended to be relied on by such party.*

Plaintiff's Statement: Not Applicable.

Defendants' Statement:

1. The complaint fails to state a claim upon which relief can be granted. Goldman v. Belden, 754 F.2d 1059, 1065 (2d. Cir. 1985); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

2. Defendants City of New York, Raymond Kelly and Jeffrey Maddrey have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

3. There was a search warrant issued to search the aforementioned premises. As such, there is a presumption of probable cause.

4. There was probable cause for the arrest of plaintiffs' and therefore the claims for false arrest and/or imprisonment must fail. Probable cause to arrest is a complete defense to actions for false arrest and malicious prosecution, whether the action is brought under state law or Section 1983. Singer v. Fulton County Sheriff, et al., 63 F. 3d 110, 118 (2d Cir. 1995); Bryant v. Rudman, 933 F. Supp. 270 (S.D.N.Y. 1996).

3

5. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of other persons for whose conduct defendants are not responsible, and was not the proximate result of any act of defendants.

6. Plaintiffs' state law claims against the City of New York are barred by the doctrine of immunity for judgment errors in the exercise of governmental function.

7. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

8. Any individual officers identified and made parties to this action would be entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194 (2001); Robinson v. Via, 821 F.2d 913 (2d Cir. 1987).

9. Plaintiffs' cannot state a § 1983 claim against the City of New York because he cannot establish a constitutional violation, let alone an unconstitutional municipal policy, practice, or custom. Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987).

10. Punitive damages are not obtainable as against the City of New York. See, e.g., Tout v. County of Erie, 1998 U.S. Dist. LEXIS 15466 at *16 (W.D.N.Y. Sept. 9, 1998).

11. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations. Singleton v. City of New York, 632 F.2d 185 (2d Cir. 1980).

12. No personal knowledge on the part of Commissioner Kelly and Deputy Inspector Maddrey.

*i. A Concise Statement Of The Measure Of Proof And On Whom The Burden Of Proof Falls As To Each Cause Of Action Or Defense.*

As to the claims asserted in the complaint: Plaintiff has the burden of proof by a preponderance of the evidence.

As to the defense of qualified immunity, defendants have the burden of proof.

Defendants' Statement:

Defendants further state that the issue of qualified immunity is one of law for the Court to determine. Stephenson v. Doe, 332 F.3d 68 (2d Cir. 2003).

*j. Whether And To What Extent Amendments To Pleadings and/or The Addition Or Substitution Of Parties Will Be Required, And Proposed Deadlines Therefore.*

4

        Plaintiff will need to substitute John Doe #1-10 with the individual police officers once identified. Amendments should be made by 2/21/2008.

k. *A Statement As To Whether All Parties Consent To Trial Of The Case By A Magistrate Judge (Without Identifying Which Parties Have Or Have Not So Consented).*

        The parties do not consent to a trial of this matter by a Magistrate Judge.

l. *What, if any, changes should be made in the timing, form or requirements for disclosures under fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under fed. R. Civ. P. 26(a) were made or will be made.*

        No changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a)(1).

        The disclosures required under Fed. R. Civ. P. 26(a)(1) will be made by plaintiffs on or before January 4, 2008.

        The disclosures required under Fed. R. Civ. P. 26(a)(1) will be made by defendants on or before January 4, 2008.

m. *The subjects on which disclosure may be needed, and whether discovery should be conducted in phases or be limited to or focus upon particular issues, including a concise description of each party's plan for discovery and a proposed discovery cutoff.*

        <u>Plaintiff's Statement</u>:

        Plaintiff's discovery includes, but is not limited to, the following:

1. Requests for documents and interrogatories.

2. Depositions of any police officers involved in the incident alleged in the complaint.

3. Deposition of non-party witnesses.

        <u>Defendants' Statement</u>:

        Defendants' discovery will include, but is not limited to, the following:

1. Requests for documents and interrogatories.

2. Depositions of plaintiffs.

3. Depositions of non-party witnesses identified by plaintiff or as the result of document or other discovery conducted by the parties.

       Proposed Discovery cutoff dates:

       Date for Completion of Factual Discovery:  May 2, 2008.

       Date for Filing/Serving Contemplated Dispositive Motions:  June 15, 2008.

n.    *Whether and to what extent expert evidence will be required and proposed deadlines for expert discovery.*

       The parties do not anticipate a need for expert discovery.

o.    *What, If Any, Changes Should Be Made In The Limitations On Discovery Imposed Under The Federal Rules Of Civil Procedure Or The Local Rules Of Court, And What Other Limitations Should Be Imposed.*

       Plaintiffs' Statement:

       Plaintiffs oppose requests by defendants to limit discovery of disciplinary records and Civilian Complaint records of the individual defendant officers.

       Defendants' Statement:

       Defendants do not currently know whether there will be a need for any discovery limitations or alterations to the discovery rules.

p.    *The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.*

       The parties agree to explore settlement early in the litigation.

q.    *A Statement By Each Party As To Whether The Case Is To Be Tried With Or Without A Jury And The Number Of Trial Days Expected To Be Needed For Presentation Of That Party's Case.*

       Plaintiff:

       The case is to be tried with a jury; plaintiff's case can be presented in two to three days.

       Defendant:

       This is a jury trial case.  Defendants anticipate that their case will take approximately three days.

r.    *Any other orders that should be entered by the Court under Fed. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).*

       No such order anticipated to date.

The parties, through their respective counsel, reserve their right to amend and to supplement this Preliminary Pre-trial Statement.

Dated:   New York, New York
         December 17, 2007


Stoll, Glickman & Bellina, LLP
*Attorney for Plaintiffs*
71 Nevins Street
Brooklyn, New York 11217
(718) 852-4491

_____

By:  Nicole Bellina



MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorneys for Defendants City of New York,*
*Commissioner Raymond Kelly and Deputy*
*Inspector Jeffrey Maddrey*
100 Church Street
New York, NY 10007
(212) 442-0832

_____

By: Hugh A. Zuber
    Assistant Corporation Counsel